Daniel E. Garrison (Bar No. 021495)
Matthew B. Meaker (Bar No. 022595)
Fay Waldo (Bar No. 026392)
ANDANTE LAW GROUP OF DANIEL E. GARRISON, PLLC
7114 East Stetson Drive, Suite 300
Scottsdale, Arizona 85251
Phone: (480) 421-9449
Fax: (480) 522-1515
Email: dan@andantelaw.com
Email: matt@andantelaw.com
Email: fay@andantelaw.com
*Attorneys for Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In Re:** | **Chapter 11** |
| **ELLSRAY CAPITAL, LLC, an Arizona limited liability company,** | **Case No. 2:09-bk-18107-EWH**<br>**Case No. 2:09-bk-18108-RJH** |
| **CRISMON CAPITAL GROUP, LLC., an Arizona limited liability company,** | **Jointly Administered as:**<br>**Case No. 2:09-bk-18107** |
| **Debtors.** | |

## MOTION TO DISMISS BANKRUPTCY

Ellsray Capital, LLC ("Ellsray") and Crismon Capital Group, LLC ("Crismon"), Debtors and Debtors-in-possession in the above-captioned proceedings, hereby move this Court for an order dismissing the above-captioned, jointly administered Chapter 11 cases pursuant to 11 U.S.C. §1112 and Rule 1017 of the Federal Rules of Bankruptcy Procedure. This motion is supported by the attached Memorandum of Points and Authorities.

///

///

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I. FACTUAL BACKGROUND**

     A. The Debtors filed their voluntary Chapter 11 petitions on July 30, 2009.  [D.E. No. 1]

     B. Each bankruptcy is a single-asset case.  [D.E. No. 1]

     C. On February 3, 2010 this Court signed a stipulated order granting Gramercy Investment Trust stay relief to exercise its remedies as secured creditor with respect to the property of each Debtor.  [D.E. No. 87]

     D. On February 4, 2010, Ellsray's single-asset was sold at auction pursuant to a trustee's sale.   <u>See</u> Instrument No. 2010-096273 in the official records of Maricopa, Arizona (a copy of which is attached hereto as **<u>Exhibit A</u>**).

     E. On March 10, 2010, Crismon's single-asset was sold at auction pursuant to a trustee's sale.  <u>See</u> Instrument No. 2010-0203511 in the official records of Maricopa, Arizona (a copy of which is attached hereto as **<u>Exhibit B</u>**).

     E. Neither Debtor has any substantial assets remaining.

     F. There are no adversary proceedings pending in this case.

**II. LEGAL ARGUMENT**

     11 U.S.C. §1112 allows dismissal of Chapter 11 bankruptcies for cause unless it is proved that doing so is not in the best interest of creditors.  Here, both Debtors voluntarily filed single-asset bankruptcies.  The single-asset of each Debtor has been foreclosed upon leaving both Debtors with no substantial assets with which to satisfy their few remaining creditors' claims.  There are no adversary proceedings pending in this case and Debtors do not anticipate any being filed.  Therefore, if dismissal is granted, the creditors will be unaffected, Debtors will be able to cease paying monthly fees to the United States Trustee, and the Court will be able to reduce its caseload, improving efficiency in the system.

///

///

### III. CONCLUSION

For all of the above-described reasons, this Court should dismiss these jointly administered Chapter 11 cases.

Dated: August 17, 2010.

ANDANTE LAW GROUP OF
DANIEL E. GARRISON, PLLC

/s/ Fay Waldo
Daniel E. Garrison
Matthew B. Meaker
Fay Waldo
7114 East Stetson Drive, Suite 300
Scottsdale, Arizona 85251
*Attorneys for Debtors*

This is to certify that the foregoing was
e-filed on August 17, 2010,
in the United States Bankruptcy Court

…and a COPY of the foregoing has been
served via U.S. Mail this 17th day of
August, 2010 to:

Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

Gramercy Investment Trust
c/o Nicolas B. Hoskins, Esq.
Fennemore Craig, P.C.
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012

Van C. Durrer, II, Esq.
Skadden Arps Slate Meagher & From LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144

Barbara Lee Caldwell, Esq.
Aiken Schenk Hawkins & Ricciardi PC
4742 North 24th Street, Suite 100
Phoenix, Arizona  85016-4859

…and a **COPY** of the foregoing has
been served to all Creditors on the Matrix
via U.S. Mail on this same date

By: _/s/ Angela M. Marnell_

**EXHIBIT A**

**(Instrument No. 2010-096273)**

# Unofficial
# Document

Digitally recorded at the request of:

Nicolas B. Hoskins, Esq.
Fennemore Craig, P.C.
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Attention: Mia Salam, Paralegal

**This property transfer is exempt from an Affidavit and Filing Fee Pursuant to A.R.S.
§ 11-1134 (A)(1) and/or (B)(8).**

## TRUSTEE'S DEED

      **NICOLAS B. HOSKINS, ESQ.** ("Trustee"), as the duly appointed Trustee of the Deed
of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing hereinafter
described, does hereby grant and convey, but without covenant or warranty, express or implied,
to GKK WILLIAMS GATEWAY CRISMON LAND OWNER, LLC, a Delaware limited
liability company ("Grantee"), the personal and real property situated in **Maricopa County,
Arizona**, and more particularly described as follows (the "Property"):

Legal Description:    **See Attached Exhibit "A"**

Street Address or Identifiable Location:    **Vacant Land located on Ellsworth Road in Mesa,
Maricopa County, Arizona**

APN(s):  **304-35-011D, 304-35-011E, 304-35-012A, and 304-35-013A**

Trustee states that:

      This conveyance is made pursuant to the powers, including the power of sale, conferred
upon Trustee by the Deed of Trust, Assignment of Leases and Rents, Security Agreement and
Fixture Filing recorded on **December 8, 2006**, in the records of **Maricopa County**, Arizona, as
**Document No. 2006-1608402**, made by ELLSRAY CAPITAL, L.L.C., an Arizona limited liability
company, as Trustor, and LAWYERS TITLE INSURANCE CORPORATION, as Trustee, in
which GRAMERCY INVESTMENT TRUST, a Maryland real estate investment trust is named
as Beneficiary. NICOLAS B. HOSKINS, ESQ. was substituted as Trustee pursuant to a Notice
of Substitution recorded on **April 21, 2009**, in the records of **Maricopa County**, Arizona, as
**Document No. 2009-0350351**.

      The Property was sold by the Trustee at public auction on **Thursday, February 4, 2010**
at the place named in the Notice of Trustee's Sale recorded on **April 21, 2009**, in the records of
**Maricopa County**, Arizona, as **Document No. 2009-0350353**.  Grantee, being the highest
bidder at such sale became the purchaser of the Property and made payment therefore to the
Trustee in the amount of the bid, $11,834,798.77, which payment was made entirely in cash or
certified funds, or by the satisfaction, pro tanto, of the obligations then secured by the Deed of

Trust, including the fees, costs and expenses relative to the sale.

DATED this 4th day of February, 2010.

_____
Nicolas B. Hoskins, Esq., Trustee

STATE OF ARIZONA      )
                      ) ss.
County of Maricopa    )

This instrument was acknowledged before me this 4th day of February, 2010, by Nicolas B. Hoskins, Esq., Trustee.

_____
Notary Public

Unofficial Document

My Commission Expires:

12/31/2010

OFFICIAL SEAL
HEIDI L. LAHREN
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Dec. 31, 2010

2281926.1/19516.001

EXHIBIT "A"
LEGAL DESCRIPTION

ALL REAL AND PERSONAL PROPERTY SET FORTH IN THE DEED OF TRUST INCLUDING, WITHOUT LIMITATION:

• THE LAND REFERRED TO BELOW, WHICH IS SITUATED IN THE **STATE OF ARIZONA**, **COUNTY OF MARICOPA**, AND IS DESCRIBED AS FOLLOWS:

The Northeast quarter of Section 28, Township 1 South, Range 7 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona;

EXCEPT beginning at the Southeast corner of said Northeast quarter;

Thence North 89 degrees 33 minutes 12 seconds West, along the South line of said Northeast quarter, 2,636.89 feet to the Southwest corner of said Northeast quarter;

Thence North 01 degrees 01 minutes 37 seconds West, along the West line of said Northeast quarter, 1,050.60 feet to a point on a non-tangent curve, concave Southerly and having a radius of 1,840.00 feet;

Unofficial Document

Thence Easterly, along said curve, through a central angle of 76 degrees 51 minutes 26 seconds, 2,468.19 feet;

Thence South 45 degrees 00 minutes 00 seconds East, tangent to said curve, 530.94 feet to a point on the East line of said Northeast quarter;

Thence South 01 degree 03 minutes 11 seconds East, along said East line, 433.33 feet to the POINT OF BEGINNING.

EXHIBIT "A"
(Continued Description of Trust Property)

● THE PROPERTY REFERRED TO IN THE DEED OF TRUST, INCLUDING:

The land described in Exhibit A (above) (the "*Premises*"), and the buildings, structures, fixtures and other improvements now or hereafter located thereon (the "*Improvements*");

**TOGETHER WITH**: all right, title, interest and estate of Trustor now owned, or hereafter acquired, in and to the following property, rights, interests and estates (the Premises, the Improvements, and the property, rights, interests and estates hereinafter described are collectively referred to herein as the "*Trust Property*"):

(a)      all easements, rights of way, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, rights to oil, gas, minerals, coal and other substances of any kind or character, and all estates, rights, titles, interests, privileges, liberties, tenements, hereditaments and appurtenances of any nature whatsoever, in any way belonging, relating or pertaining to the Premises and the Improvements; and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road, highway, alley or avenue, opened, vacated or proposed, in front of or adjoining the Premises, to the center line thereof; and all the estates, rights, titles, interests, dower and rights of dower, courtesy and rights of courtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Trustor of, in and to the Premises and the Improvements and every part and parcel thereof with the appurtenances thereto;

(b)      all machinery, furniture, furnishings, equipment, computer software and hardware, fixtures (including all heating, air conditioning, plumbing, lighting, communications and elevator fixtures), inventory, materials, supplies and other articles of personal property and accessions thereof, renewals and replacements thereof and substitutions therefor, and other property of every kind and nature, tangible or intangible, owned by Trustor, or in which Trustor has or shall have an interest, now or hereafter located upon the Premises or the Improvements, or appurtenant thereto, and usable in connection with the present or future operation and occupancy of the Premises and the Improvements (hereinafter collectively referred to as the "*Equipment*"), including any leases of, deposits in connection with, and proceeds of any sale or transfer of any of the foregoing, and the right, title and interest of Trustor in and to any of the Equipment that may be subject to any "security interest" as defined in the Uniform Commercial Code, as in effect in the State where the Trust Property is located (the "*UCC*"), superior in lien to the lien of this Deed of Trust;

(c)      all awards or payments, including interest thereon, that may heretofore or hereafter be made with respect to the Premises or the Improvements, whether from the exercise of the right of eminent domain or condemnation (including any transfer made in lieu of or in anticipation of the exercise of such right), or for a change of grade, or for any other injury to or decrease in the value of the Premises or Improvements;

(d)      all leases and other agreements or arrangements heretofore or hereafter entered into affecting the use, enjoyment or occupancy of, or the conduct of any activity upon or in, the Premises, or the Improvements, including any extensions, renewals, modifications or

amendments thereof (hereinafter collectively referred to as the "***Leases***") and all rents, rent equivalents, moneys payable as damages (including payments by reason of the rejection of a Lease in a Bankruptcy Proceeding)or in lieu of rent or rent equivalents, royalties (including alt oil and gas or other mineral royalties and bonuses), income, fees, receivables, receipts, revenues, deposits (including security, utility and other deposits), accounts, cash, issues, profits, charges for services rendered, and other consideration of whatever form or nature received by or paid to or for the account of or benefit of Trustor or its agents or employees from any and all sources arising from or attributable to the Premises and the Improvements, including all receivables, customer obligations, installment payment obligations and other obligations now existing or hereafter arising or created out the sale, lease, sublease, license, concession or other grant of the right of the use and occupancy of the Premises or the Improvements, or rendering of services by Trustor or any of its agents or employees, and proceeds, if any, from business interruption or other loss of income insurance (hereinafter collectively referred to as the "***Rents***"), together with all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt;

       (e)     all proceeds of and any unearned premiums on any insurance policies covering the Trust Property, including the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Trust Property;

       (f)     the right, in the name and on behalf of Trustor, to appear in and defend any action or proceeding brought with respect to the Trust Property and to commence any action or proceeding to protect the interest of Beneficiary in the Trust Property;

       (g)     all accounts (including reserve accounts), escrows, documents, instruments, chattel paper, claims, deposits and general intangibles, as the foregoing terms are defined in the UCC, and all franchises, trade names, trademarks, symbols, service marks, books, records, plans, specifications, designs, drawings, surveys, title insurance policies, permits, consents, licenses, management agreements, contract rights (including any contract with any architect or engineer or with any other provider of goods or services for or in connection with any construction, repair or other work upon the Trust Property), approvals, actions, refunds of real estate taxes and assessments (and any other governmental impositions related to the Trust Property) and causes of action that now or hereafter relate to, are derived from or are used in connection with the Trust Property, or the use, operation, maintenance, occupancy or enjoyment thereof or the conduct of any business or activities thereon (hereinafter collectively referred to as the "***Intangibles***"); and

       (h)     all proceeds, products, offspring, rents and profits from any of the foregoing, including those from sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of any of the foregoing.

**EXHIBIT B**

**(Instrument No. 2010-0203511)**

# Unofficial Document

Digitally recorded at the request of:

Nicolas B. Hoskins, Esq.
Fennemore Craig, P.C.
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Attention: Mia Salam, Paralegal

**This property transfer is exempt from an Affidavit and Filing Fee Pursuant to A.R.S. § 11-1134 (A)(1) and/or (B)(8).**

## TRUSTEE'S DEED

NICOLAS B. HOSKINS, ESQ. ("Trustee"), as the duly appointed Trustee of the Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to GKK WILLIAMS GATEWAY CRISMON LAND OWNER LLC, a Delaware limited liability company ("Grantee"), the real property situated in Maricopa County, Arizona, and more particularly described as follows:

**Legal Description:**   See Attached Exhibit "A"

**Street Address or Identifiable Location:**
Vacant Land Located Near Pecos Road, Mesa, Maricopa County, Arizona

**APN(s):**  304-62-010N, 304-62-010P, 304-62-010S, 304-62-010T, and 304-62-010U

Trustee states that:

This conveyance is made pursuant to the powers, including the power of sale, conferred upon Trustee by the Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing recorded on **December 8, 2006**, in the records of **Maricopa County**, Arizona, as **Document No. 2006-1608400**, made by CRISMON CAPITAL GROUP, L.L.C., an Arizona limited liability company, as Trustor, and LAWYERS TITLE INSURANCE CORPORATION as Trustee, in which GRAMERCY INVESTMENT TRUST, a Maryland real estate investment trust, is named as Beneficiary, as amended by that certain Assignment of Deed of Trust recorded on **February 4, 2010** as **Document No. 2010-0096269** in the records of **Maricopa County**, Arizona (the "Deed of Trust") in which beneficial interest under the Deed of Trust was assigned to GKK WILLIAMS GATEWAY CRISMON LAND OWNER LLC, a Delaware limited liability company. NICOLAS B. HOSKINS, ESQ. was substituted as Trustee pursuant to a Notice of Substitution recorded on **April 21, 2009**, in the records of **Maricopa County**, Arizona, as **Document No. 2009-0350350**.

The Property was sold by the Trustee at public auction on **Wednesday, March 10, 2010** at the place named in the Notice of Trustee's Sale recorded on **April 21, 2009**, in the records of **Maricopa County**, Arizona, as **Document No. 2009-0350352**.  Grantee, being the highest bidder at such sale became the purchaser of the Property and made payment therefore to the Trustee in the amount of the bid, **$14,948,080.52**, which payment was made entirely in cash or certified funds, or by the satisfaction, pro tanto, of the obligations then secured by the Deed of Trust, including the fees, costs and expenses relative to the sale.

DATED this _10th_ day of March, 2010.

_____
Nicolas B. Hoskins, Esq., Trustee

STATE OF ARIZONA          )
                          ) ss.
County of Maricopa        )

This instrument was acknowledged before me this _10th_ day of March, 2010, by Nicolas B. Hoskins, Esq., Trustee.

Unofficial Document

_____
Notary Public

My Commission Expires:

_July 19, 2013_

```
KARIN A. MURPHY
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Comm. Exp.: July 19, 2013
```

EXHIBIT "A"
(Legal Description of Trust Property)

ALL REAL AND PERSONAL PROPERTY SET FORTH IN THE DEED OF TRUST INCLUDING, WITHOUT LIMITATION:

● THE LAND REFERRED TO BELOW, WHICH IS SITUATED IN THE **STATE OF ARIZONA, COUNTY OF MARICOPA**, AND IS DESCRIBED AS FOLLOWS:

PARCEL NO. 1:

BEGINNING at the West quarter corner of Section 4, Township 2 South, Range 7 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona;

Thence North 01 degree 09 minutes 02 seconds West, along the West line of the Northwest quarter of said Section 4, 1,325.79 feet to the Southwest corner of Lot 4 of said Section 4;

Thence continuing North 01 degree 09 minutes 02 seconds West, 1,305.68 feet tot he Northwest corner of said Section 4;

Thence North 89 degrees 57 minutes 35 seconds East, along the North line of said Section 4, 1,338.19 feet to a point from which the North quarter corner of said Section 4 bears North 89 degrees 57 minutes 35 seconds East, 1,318.31 feet distant, therefrom;

Thence South 45 degrees 06 minutes 27 seconds East, 940.96 feet;

Thence South 01 degree 04 minutes 14 seconds East, 643.45 feet to a point on the South line of said Lot 4;

Thence continuing South 01 degree 04 minutes 14 seconds East, along the East line of the West half of the Southeast quarter of the Northwest quarter of said Section 4, 1,324.66 feet to a point on the East-West mid-section line of said Section 4, from which the center of said Section 4 bears East (assumed bearing) 662.90 feet distant, therefrom;

Thence West, along said East-West mid-section line, 1,988.73 feet to the POINT OF BEGINNING;

EXCEPT the North 33.00 feet, thereof; and

EXCEPT the South 65.00 feet as conveyed to the City of Mesa, an Arizona municipal corporation in Special Warranty Deed recorded in Document No. 01-597849, Maricopa County Records.

PARCEL NO. 2:

COMMENCING at the East quarter corner of Section 4, Township 2 South, Range 7 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona;

Thence West (assumed bearing), along the East-West mid-section line of said Section 4, 114.00 feet to the POINT OF BEGINNING;

Thence West, 2,652.62 feet to the center of said Section 4;

Thence continuing West, 662.90 feet to a point from which the West quarter corner of said Setion 4 bears West, 1988.73 feet distant, therefrom;

Thence North 01 degree 04 minutes 14 seconds West, along the West line of the East half of the Southeast quarter of the Northwest quarter of said Section 4, 1,324.66 feet to a point on the South line of Lot 3 of said Section 4;

Thence continuing North 01 degree 04 minutes 14 seconds West, 643.45 feet;

Thence South 45 degrees 06 minutes 27 seconds East, 492.14 feet;

Thence North 89 degrees 57 minutes 35 seconds East, parallel with the North line of said Section 4, 321.50 feet to a point on the North-South mid-section line of said Section 4;

Thence continuing North 89 degrees 47 minutes 35 seconds East, 1,327.50 feet to a point on the West line of Lot 1 of said Section 4;

Thence continuing North 89 degrees 57 minutes 35 seconds East, 1,327.50 feet to a point on the East line of said Section 4, from which the Northeast corner of said Section 4 bears North 00 degrees 57 minutes 32 seconds West, 1,012.29 feet distant, therefrom;

Thence South 00 degrees 57 minutes 32 seconds East, along the East line of said Section 4, 229.95 feet to the Southeast corner of said Lot 1;

Thence continuing South 00 degrees 57 minutes 32 seconds East, 1,443.75 feet to a point from which the East quarter corner of said Section 4 bears South 00 degrees 57 minutes 32 seconds East, 179.00 feet distant, therefrom;

Thence West, parallel with the East-West mid-section line of said Section 4, 114.00 feet;

Thence South 00 degrees 57 minutes 32 seconds East, parallel with the East line of said Section 4, 179.00 feet to the POINT OF BEGINNING;

EXCEPT the South 65.00 feet as conveyed to the City of Mesa, an Arizona municipal

corporation in Special Warranty Deed recorded in Document No. 01-597849, Maricopa County, Records; and

EXCEPT the West 15.00 feet of the East 65.00 feet as conveyed to the County of Maricopa, a political subdivision of the State of Arizona in Warranty Deed recorded in Document No. 03-520957, Maricopa County, Records.

PARCEL NO. 3:

BEGINNING at the East quarter corner of Section 4, Township 2 South, Range 7 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona;

Thence West (assumed bearing) along the East-West mid-section line of said Section 4, 114.00 feet and from which, the center of said Section 4 bears West 2538.62 feet distant, therefrom;

Thence North 00 degrees 57 minutes 32 seconds West, being parallel with the Easterly line of the Northeast quarter of said Section 4, 179.00 feet;

Thence East, being parallel with said East-West mid-section line of Section 4, 114.00 feet to a point on said Easterly line of the Northeast quarter of Section 4 and from which the Northeast corner of said Section 4 bears North 00 degrees 57 minutes 32 seconds West, 2456.04 feet distant, therefrom;

Unofficial Document

Thence South 00 degrees 57 minutes 32 seconds East, along said Easterly line of the Northeast quarter of Section 4, 179.00 feet to the POINT OF BEGINNING;

EXCEPT the Easterly 50.00 feet, thereof.

EXHIBIT "A"
(Continued Description of Trust Property)

• THE PROPERTY REFERRED TO IN THE DEED OF TRUST, INCLUDING:

The land described in Exhibit A (above) (the "***Premises***"), and the buildings, structures, fixtures And other improvements now or hereafter located thereon (the "***Improvements***");

TOGETHER WITH: all right, title, interest and estate of Trustor now owned, or hereafter acquired, in and to the following property, rights, interests and estates (the Premises, the Improvements, and the property, rights, interests and estates hereinafter described are collectively referred to herein as the "***Trust Property***"):

(a)     all easements, rights of way, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, rights to oil, gas, minerals, coal and other substances of any kind or character, and all estates, rights, titles, interests, privileges, liberties, tenements, hereditaments and appurtenances of any nature whatsoever, in any way belonging, relating or pertaining to the Premises and the Improvements; and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road, highway, alley or avenue, opened, vacated or proposed, in front of or adjoining the Premises, to the center line thereof; and all the estates, rights, titles, interests, dower and rights of dower, courtesy and rights of courtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Trustor of, in and to the Premises and the Improvements and every part and parcel thereof, with the appurtenances thereto;

(b)     all machinery, furniture, furnishings, equipment, computer software and hardware, fixtures (including all heating, air-conditioning, plumbing, lighting, communications and elevator fixtures), inventory, materials, supplies and other articles of personal property and accessions thereof, renewals and replacements thereof and substitutions therefor, and other property of every kind and nature, tangible or intangible, owned by Trustor, or in which Trustor has or shall have an interest, now or hereafter located upon the Premises or the Improvements, or appurtenant thereto, and usable in connection with the present or future operation and occupancy of the Premises and the Improvements (hereinafter collectively referred to as the "***Equipment***"), including any leases of, deposits in connection with, and proceeds of any sale or transfer of any of the foregoing, and the right, title and interest of Trustor in and to any of the Equipment that may be subject to any "security interest" as defined in the Uniform Commercial Code, as in effect in the State where the Trust Property is located (the "***UCC***"), superior in lien to the lien of this Deed of Trust;

(c)     all awards or payments, including interest thereon, that may heretofore or hereafter be made with respect to the Premises or the Improvements, whether from the exercise of the right of eminent domain or condemnation (including any transfer made in lieu of or in anticipation of the exercise of such right), or for a change of grade, or for any other injury to or decrease in the value of the Premises or Improvements;

(d)     all leases and other agreements or arrangements heretofore or hereafter entered into affecting the use, enjoyment or occupancy of, or the conduct of any activity upon or in, the Premises or the Improvements, including any extensions, renewals, modifications or amendments

thereof (hereinafter collectively referred to as the "**_Leases_**") and. all rents, rent equivalents, moneys payable as damages (including payments by reason of the rejection of a Lease in a Bankruptcy Proceeding)or in lieu of rent or rent equivalents, royalties (including all oil and gas or other mineral royalties and bonuses), income, fees, receivables, receipts, revenues, deposits (including security, utility and other deposits), accounts, cash, issues, profits, charges for services rendered, and other consideration of whatever form or nature received by or paid to or for the account of or benefit of Trustor or its agents or employees from any and all sources arising from or attributable to the Premises and the Improvements, including all receivables, customer obligations, installment payment obligations and other obligations now existing or *hereafter arising or created out of the sale, lease, sublease, license, concession or other grant of the right of the use and occupancy of the Premises or the Improvements, 'or rendering of services by Trustor or any of its agents or employees, and proceeds, if any, from business interruption or other loss of income insurance (hereinafter collectively referred to as the "**_Rents_**"), together with all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt;

    (e)    all proceeds of and any unearned premiums on any insurance policies covering the Trust Property, including the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Trust Property;

    (f)    the right, in the name and on behalf of Trustor, to appear in and defend any action or proceeding brought with respect to the Trust Property and to commence any action or proceeding to protect the interest of Beneficiary in the Trust Property;

    (g)    all accounts (including reserve accounts), escrows, documents, instruments, chattel paper, claims, deposits and general intangibles, as the foregoing terms are defined in the UCC, and all franchises, trade names, trademarks, symbols, service marks, books, records, plans, specifications, designs, drawings, surveys, title insurance policies, permits, consents, licenses, management agreements, contract rights (including any contract with any architect or engineer or with any other provider of goods or services for or in connection with any construction, repair or other work upon the Trust Property), approvals, actions, refunds of real estate taxes and assessments (and any other governmental impositions related to the Trust Property) and causes of action that now or hereafter relate to, are derived from or are used in connection with the Trust Property, or the use, operation, maintenance, occupancy or enjoyment thereof or the conduct of any business or activities thereon (hereinafter collectively referred to as the "**_Intangibles_**"); and

    (h)    all proceeds, products, offspring, rents and profits from any of the foregoing, including those from sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of any of the foregoing.